NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PACIA MOBLEY, <br><br> Plaintiff, <br><br> v. <br><br> ADP SCREENING AND SELECTION SERVICES, INC. AND AUTOMATIC DATA PROCESSING INC., <br><br> Defendants. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 2:12-cv-04882 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants ADP Screening and Selection Services, Inc. ("SASS") and Automatic Data Processing, Inc. ("ADP") (collectively "Defendants") for transfer of venue to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). (Defs.' Mot. to Transfer, Oct. 26, 2012, ECF No. 9). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' Motion to Transfer Venue is **granted**.

I. BACKGROUND

In or about July 2011, Plaintiff applied for an insurance adjustor position with Reliable Reports of Texas, Inc. ("Reliable"). (Am. Compl. ¶ 7, Sept. 18, 2012, ECF No. 5). Plaintiff was

---

1      The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

1

provisionally hired, and was provided a July 2011 date to begin employment. (Id. at ¶ 8). Reliable requested and Defendants sold to Reliable a consumer report concerning Plaintiff, to be utilized for employment purposes. (Id. at ¶ 9). Plaintiff alleges that the consumer report contained information that was likely to have an adverse effect on Plaintiff's general employment prospects, and Plaintiff's employment with Reliable specifically. (Id. at ¶ 11).

Plaintiff alleges that Defendants reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's record to third parties. (Id. at ¶ 12). The alleged inaccurate information includes a 1997 felony charge of possession, manufacture, and distribution of marijuana, which Plaintiff asserts was a misdemeanor possession plea. (Id. at ¶ 12). According to Plaintiff, the inaccurate information negatively reflects upon the Plaintiff and paints him as a "serious felony criminal." (Id. at ¶ 14). Further, Plaintiff alleges that Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information they reported about the Plaintiff, and as a result, Plaintiff was subsequently denied employment as an insurance adjustor." (Id. at ¶¶ 15-18).

Plaintiff contends that Defendants never sent a notice letter as required by 15 U.S.C. § 1681k(a)(1). (Id. at ¶ 16). Additionally, Plaintiff contends that Defendants do not maintain strict procedures designed to ensure that the public records information reported are complete and up-to-date, in accordance with 15 U.S.C. § 1681k(a)(2). (Id. at ¶ 17). Plaintiff alleges that as a result of Defendants' conduct, he has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment. (Id. at ¶ 19).

Plaintiff adds SASS's parent corporation, Automatic Data Processing, Inc. ("ADP"), as a Defendant in the Amended Complaint, labeling it as a consumer reporting agency. (Id. at ¶ 6). Defendants contend that ADP does not generate or transmit consumer reports but is simply "a corporate parent of numerous operating subsidiaries like SASS" with its principle place of business in Roseland, New Jersey. (Def.'s Br. at 4). According to Defendants, SASS is the only company of the family owned by ADP that engages in the marketing, compilation, or transmittal of consumer reports. (Id. at 5). Defendants assert that, during the period relevant to the Amended Complaint, SASS headquarters and center of operations were in two offices in Fort Collins, Colorado. (Id.)

Defendant alleges that SASS never had operated in New Jersey and produces no consumer reports there and the consumer report referred to in the Amended Complaint was produced in Fort Collins. (Id.) Defendant further alleges that the consumer report in question was electronically transmitted to Plaintiff's prospective employer, Reliable, from Fort Collins. (Id.) In addition, SASS's records, filed and computer server are located in Colorado. (Id.)

Chiefly, Defendants contend that none of the operations involved in generating and transmitting consumer reports were performed in New Jersey – either by SASS or ADP. (Id. at 6). Defendants contend that, insofar as SASS has identified its principal place of business as being in New Jersey, this is done only pursuant to a policy applied by ADP to its small subsidiaries, whose headquarters are remote from ADP's headquarters and do not have legal counsel assigned to their headquarters location. (Id. at 6). Defendants contend that the policy was not meant to affect SASS operations center of gravity in Fort Collins and has thus moved to

3

transfer venue to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a).

## II. MOTION TO TRANSFER

### A. Legal Standard

In relevant part, 28 U.S.C.A. § 1404(a) states, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it may have been brought." Pursuant to 28 U.S.C.A. § 1391(a), venue is proper "in a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

In construing the statutory language of 28 U.S.C.A. § 1404(a), the Third Circuit has pointed out that "commentators have called on the courts to consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F. 3d 873, 879 (3d Cir., 1995). As enumerated by the Jumara Court,

> There are a number of relevant private and public factors a court should consider In deciding a motion to transfer. The private factors include: (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent that they could not be produced in one of the fora. The

    public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-880

In analyzing the third factor, the Court is specifically instructed to consider the situation "where the central facts of a lawsuit occur outside the chosen forum." In re Consolidated Parlodel Litigation, 22 F. Supp. 2d 320, 323 (D.N.J. 1998). The presumption favoring a plaintiff's choice of forum is not dispositive. See Tischio v. Bontex, Inc. 16 F.Supp.2d 511, 521 (D.N.J. 1998). Additionally, a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit." Id. at 521.

### B. Discussion

In examining Plaintiff's choice of forum and balancing that against the other considerations, the Court acknowledges the burden of demonstrating that transfer of venue would be appropriate according to the factors specified by the Third Circuit and pursuant to § 1404(a) lies with Defendant. Although Plaintiff initially brought this action in New Jersey, and clearly prefers that this Court retain jurisdiction, it is clear that the events that gave rise to this cause of action occurred in the District of Colorado.

"The paramount private interest factor is the plaintiff's choice of forum. However, the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." See Ortiz v. Standard & Poor's, 2010 U.S. Dist. LEXIS 119420, at *6-8 (D.N.J. Nov. 10, 2010) (internal citations omitted). SASS

produced the consumer report at issue in this litigation in Fort Collins, Colorado. (Defs.' Br. 5). The consumer report was electronically transmitted to Plaintiff's prospective employer, Reliable, from Fort Collins. (Id.) More importantly, none of the operations that were involved in generating and transmitting consumer reports were performed in New Jersey – either by SASS or ADP. (Id.) This Court agrees with Defendants in that Colorado is the "center of gravity" of the claims.

The next set of factors, the convenience of the parties and potential witnesses, and the location of evidence germane to the dispute, also weighs in favor of transfer. New Jersey is nearly two thousand miles from Colorado, making the distance and expense of travel very burdensome. The witnesses who would be able to testify as to knowledge of SASS' practices and procedures as they specifically relate to the consumer report at issue would be employees in Fort Collins. In addition, all communications related to the consumer report were revolved around Fort Collins. Further, SASS's records, files and computer server containing data are located in Fort Collins. The fact that the underlying events that gave rise to this cause of action took place in Colorado overwhelmingly favors the United States District Court for the District of Colorado as the appropriate venue for the fair and complete adjudication of this matter.

As to the public factors that the Court must consider, the Court finds that practical considerations support transfer. Although a judgment would be enforceable as rendered from either District, this Court finds that litigation of the case and trial (if necessary) will be less burdensome, more expeditious and less expensive if it were to take place in the District of Colorado. The ease of access to sources of proof is greater in Colorado because

the witnesses and the source of generating the consumer reports related to this matter are in SASS's possession in Colorado. In consideration of court congestion, the larger number of pending cases in New Jersey as compared to Colorado supports transfer. In addition, "the location where the claim arose is also a public interest factor because local judges and juries are preferred arbiters or events in their jurisdiction and community." LG Elecs. Inc.v. First Int'l Computer, 138 F. Supp. 2d 574, 592 (D.N.J 2001) (citing Gulf Corp. v. Gilbert, 330 U.S. 501, 511 (1947)). As discussed above, the subject of the claim is a consumer report that was produced in Colorado. Upon consideration of all relevant factors, this Court finds that transfer to the United States District Court for the District of Colorado is appropriate.

### III. CONCLUSION

Accordingly, for the reasons set forth above, Defendants' motion to transfer to the United States District Court for the District of Colorado is **granted.**

1/30/13

Dennis M. Cavanaugh, U.S.D.J.

cc:  All Counsel of Record
     Hon. J. A. Dickson, U.S.M.J.
     File